UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SEGUNDO I., <br>                Petitioner, <br> v. <br> PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; RYAN SHEA, Freeborn County Sheriff; MIKE STASKO, Jail Administrator, Freeborn County Adult Detention Center, <br>                Respondents. | Case No. 26-CV-0234 (PJS/ECW) <br><br> ORDER |

      Claire Glenn, CLIMATE DEFENSE PROJECT, for petitioner.

      David W. Fuller and Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for all respondents other than Ryan Shea and Mike Stasko.

      This matter is before the Court on petitioner Segundo I.'s petition for a writ of habeas corpus.[1]  Segundo, a citizen of Ecuador, entered the United States without inspection in approximately April 2023.  V. Pet. ¶ 15; Fuller Decl. Ex. A.  United States Immigration and Customs Enforcement arrested Segundo without a warrant on December 30, 2025.  V. Pet. ¶¶ 21–22.

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initial.

Respondents take the position that Segundo is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both recent interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Segundo filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States unlawfully. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025). As the Court has previously noted, although respondents' argument that *Santos M.C.* was wrongly decided has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Segundo, who entered without inspection and are already present and living in the United States.[2]

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 5 at 4.

As to remedy: Respondents argue that release is not warranted, but that the Court should instead order a bond hearing pursuant to § 1226(a). The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), however, that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). Segundo alleged in his petition that his arrest was warrantless, V. Pet. ¶ 22, and respondents have not argued otherwise or presented evidence to the contrary. The Court will therefore grant Segundo's petition and order his release.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately.

4. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 17, 2026                    /s/ Patrick J. Schiltz
                                                        Patrick J. Schiltz, Chief Judge
                                                        United States District Court